# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROY CLARK III,

      Plaintiff,

vs.                                  CASE NO. 8:15-cv-02926-EAK-TBM

CREDIT PROTECTION ASSOCIATION, LP,

      Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff hereby responds to Defendant's motion to dismiss and further states as follows:

1.  Plaintiff filed a sufficient and remarkably detailed, yet straightforward consumer law related amended complaint against Defendant.

2.  Plaintiff specifically referenced only Chapter 559 and the Fair Debt Collection Practices Act in the underlying complaint.  In essence, the same offending conduct violated same consumer statutes over a given period of time.

3. The Complaint is sufficient under the Federal Rules of Civil procedure in that it provides a short, plain statement of the claim as well as a request for relief. Defendant is clearly on notice of the claims and has ample information to formulate a response.

4. In the Complaint, Plaintiff clearly states that Plaintiff issued a cease and desist instructions and that Defendant disregarded the Plaintiff's instructions and continued to openly contact Plaintiff irrespective of the cease and desist and that Defendant did not provide Plaintiff with the pre-collection notifications required by law and that Defendant continued to contact Plaintiff's repeatedly without authorization or consent.

5. Likewise, Plaintiff has alleged that Defendant violated Plaintiff's cease and desist instructions by continuing to contact Plaintiff contrary to the consumer statutes cited in the complaint by ignoring Plaintiff's cease and desist instructions.

6. The Complaint succinctly and clearly identifies the parties, identifies the statute-violating activity, and further connects precisely just how Defendant's decision to continue contacting Plaintiff violated the consumer statutes identified in the complaint and Defendant's motion should be denied so that Plaintiff can proceed with litigating this matter on its substantive merits and that the scheduling orders remain intact.   While the complaint is admittedly

straightforward, there is nothing remotely "shot gun" about the allegations by any fair reading of the allegations.

7. Notwithstanding that the factual allegations have been succintly set forth, Defendant yet files additional pleadings making generic, convenient and conclusory allegations of deficiency, improperly invoking *Twombly* and *Iqbal* [1]. Accordingly, Plaintiff asks that the underlying motion be denied.

Respectfully,

**s/W. John Gadd**
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com

**CERTIFICATE OF SERVICE**

---

[1] As a matter of policy, judicial economy is not served by motions to dismiss of this nature, where the allegations are remarkably straightforward and to the proverbial point. The *Twombly* and *Iqbal* courts did not likely envision the rise of a cottage defense industry with respect to motions to dismiss, where even the most straightforward allegations are tarred and feathered with specious defense claims of inadequacies. *Twombly*, involved the complexity of the Sherman Act and allegations of conspiracy and the decision in *Twombly* largely centers on the lack of a factual predicate for conspiracy. See, *Twombly* at 1971. In fact, *Twombly* was not purely intended to "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. *Iqbal* interpreted *Twombly* as having "two working principles", the first of which requires allegations in a complaint to be accepted as true and second, that complaint that states a "plausible claim to relief" survives a motion to dismiss. *Iqbal* at 1950-1951.

I HEREBY CERTIFY THAT THE FOREGOING HAS BEEN FILED ON THE COURT'S ELECTRIC FILING SYSTEM, WHICH WILL SEND A TRUE AND ACCURATE COPY OF THE SAME TO OPPOSING COUNSEL: bfernandez@hinshawlaw.com
ON THIS 27th Day of January 2016.

**s/W. John Gadd**
W. John Gadd
FL Bar Number 463061
**Bank of America Building**
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com
