UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY CLARK III,

    Plaintiff,

v.                                                 CASE NO. 8:15-CV-02926-EAK-TBM

CREDIT PROTECTION ASSOCIATION, LP,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This cause came before the Court pursuant to a *Motion to Dismiss Plaintiff's Complaint* ("**Motion to Dismiss**") filed by Defendant Credit Protection Association, LP ("the **Defendant**") (Doc. 9) and a *Response in Opposition to Defendant's Motion to Dismiss* (the "**Response**") (Doc. 10) filed by Plaintiff Roy Clark III. For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

## BACKGROUND

The Plaintiff initially filed this action on December 1, 2015, in the Circuit Court for the Sixth Judicial Circuit in Pinellas County, Florida. The Defendant removed the case to the Middle District of Florida on December 23, 2015. The Defendant subsequently filed its Motion to Dismiss on January 11, 2016.

The following facts are submitted by the Plaintiff in his Complaint. The Court recognizes these as "facts" only in regard to the resolution of this pending Motion to Dismiss.

The Plaintiff received a letter dated October 20, 2015 that informed him that his Bright House Networks account was turned over for collections. Pl.'s Compl.

Attachment A, Dec. 1, 2015, No. 8:15-cv-02926. The Plaintiff disputed the allegation of indebtedness and advised the Defendant to cease and desist contacting the Plaintiff with a letter dated October 26, 2015. Pl.'s Compl. ¶ 8. The Defendant received the Plaintiff's cease and desist instruction, but contacted the Plaintiff on November 11, 2015, and November 19, 2015. Pl.'s Compl. ¶¶ 8–9.

## LEGAL STANDARD

A defendant to a complaint may move to dismiss such a complaint under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard is not a "probability standard" but requires more than a "sheer possibility" that the allegations are true. *Id.*

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief. *Ass'n of People with Disabilities v. Smith*, 227 F. Supp. 2d 1276, 1280 (M.D. Fla. 2002). When considering a motion to dismiss, this Court must accept all of the alleged facts as true and resolve them in the light most favorable to the non-moving party. Fed. R. Civ. P. 12.

## **LEGAL ANALYSIS**

According to 28 U.S.C. § 1331 (2016), district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The Plaintiff's claim arises under the federal law 15 U.S.C. § 1692 ("**FDCPA**"), which gives the district court original jurisdiction. The Plaintiff's claim also arises under Fla. Stat. § 559.72 ("**FCCPA**"). The Court also has jurisdiction over this state claim under supplemental jurisdiction. Supplemental jurisdiction gives district courts jurisdiction "over all other claims that are so related to claim in the within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (2016).

The Defendant argues in its Motion to Dismiss that this case should be dismissed for the following reasons: the Plaintiff's complaint is a shotgun pleading, the claim arising under the FCCPA fails because the Defendant was not put on notice that the Plaintiff had an attorney, and the claim under the FDCPA fails because the actions described do not clearly violate the statute. Upon review, the Court responds to the issues in the negative.

**I.     Shotgun Pleading**

The Defendant argues that Plaintiff's failure to identify which facts constitute a violation of the FDCPA and which violate the FCCPA makes the Complaint a shotgun pleading that does not comply with the Federal Rules of Civil Procedure. A complaint is classified as a shotgun pleading when it "incorporates every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Frantz v. Walled*, Fed. Appx. 815, 820 (11th Cir. 2013). This tactic violates the Federal Rules of Civil

3

Procedure because Rule 10(b) states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). The Complaint is not a shotgun pleading, and does not violate Rule 10(b), because the claim is limited to a single set of circumstances that happen to give rise to a claim under two separate laws.

## II.   FCCPA Claim

The Defendant argues that the FCCPA claim should be dismissed because the exhibit attached to the Complaint contradicts the allegation that the Defendant was on notice that the Plaintiff had an attorney. Precedent has established that "when the exhibits contradict the general and conclusory allegation of the pleading, the exhibits govern." *Griffin Indus. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir. 2007). However, this principle is applicable "if the exhibits 'plainly show' that the complaint's allegations are untrue by providing 'specific factual details' that 'foreclose recovery as a matter of law.'" *Renfroe v. Nationstar Mortgage,* No. 15-10582, ___ F.3d ___, 2016 WL 2754461, at *4 (May 12, 2016). While the attached letter exhibit contradicts the Complaint's allegation that the Defendant was informed of the Plaintiff's legal representation, the exhibit does not provide specific factual details that would foreclose the Plaintiff's recovery as a matter of law.

In the Motion to Dismiss the Defendant bases the grounds of dismissal on the violation of Fla. Stat. § 559.72(18), which prohibits debt collectors from "communicat[ing] with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. . ." However, the Complaint cites to the entirety of

4

section 559.72 of the Florida Statues as the basis of the Defendant's violation. Pl.'s Compl. ¶ 11. The Complaint cites specifically to § 559.72(18), but disclaims that the violation is not limited to this section. Pl.'s Compl. ¶ 13. The Defendant's lack of notice of the Plaintiff's legal representation does not foreclose recovery as a matter of law in regards to the entirety of Fla. Stat. § 559.72, and therefore the Motion to Dismiss this claim must be denied.

III.  FDCPA Claim

The Defendant argues that the FDCPA claim should be dismissed because the Plaintiff failed to allege that the communications in the Complaint were not the type of communications permitted by the FDCPA following a cease and desist notice. Trial courts are required to view the complaint in the light most favorable to the plaintiff. *Illinois ex. Rel. Madigan v. Telemarketing Assoc.. Inc.,* 538 U.S. 600, 618 (2003). While the Complaint may not have specifically stated that the communications listed were not permitted by the FDCPA, the Complaint did not provide any reason to think that the communications were permitted. Viewing the Complaint in the light most favorable to the Plaintiff, the communications are not permitted by the FDCPA.

The Defendant also argues that the FDCPA claims should be dismissed because the Complaint is devoid of factual allegations regarding the content of the two post cease and desist communications. The Defendant argues that the existence of the two communications alone are insufficient to constitute harassment under the FDCPA. At this stage in litigation, a court should dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* Taking the alleged communications as true, it is not clear that no relief

could be granted under any set of facts that could be proven consistent with the allegations. Therefore, the Motion to Dismiss this claim must be denied.

## CONCLUSION

Accordingly, it is **ORDERED** that the Defendant's Motion to Dismiss (Doc. 9) is **DENIED**. The Defendant has **ten days** from this date to answer the complaint.

DONE AND ORDERD in Chambers at Tampa, Florida, this 27th day of June, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to: All Parties and Counsel of Record.